UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JERRY DAVID LOTZ                                                                    Petitioner

v.                                                          Civil Action No. 3:22-cv-575-RGJ

WARDEN DANNY DODD                                                                 Respondent

**MEMORANDUM OPINION & ORDER**

Petitioner Jerry David Lotz ("Lotz") objects [DE 21] to the Magistrate Judge's Report and Recommendation ("R&R") [DE 14] that Lotz's Petition [DE 1] be denied with prejudice and that a certificate of appealability be denied. Warden Daniel Akers, who has since been substituted with Warden Danny Dodd [DE 32] (the "Warden") responded. [DE 22]. Lotz did not reply and the time for doing so has passed. For the reasons below, the Court **DENIES** Lotz's objections [DE 21] to the Magistrate Judge's R&R, and **ACCEPTS** the Magistrate Judge's R&R.

## I.    BACKGROUND

At trial in Jefferson County Circuit Court, a jury found Lotz guilty of two counts of kidnapping, two counts of robbery in the first degree, one count of burglary in the first degree, one count of theft by unlawful taking, and one count of being a persistent felony offender in the first degree. *Lotz v. Commonwealth,* 2018 WL 5732835 (Ky. Nov. 1, 2018). Lotz appealed his conviction and sentence as a matter of right to the Kentucky Supreme Court. *Id.* In all but one respect, the Kentucky Supreme Court upheld the trial court's conviction. *Id.* at *1. The Kentucky Supreme Court held that the trial court subjected Lotz to double jeopardy when it convicted Lotz of both robbery and theft by unlawful taking. *Id.* at *5. Accordingly, the Kentucky Supreme Court affirmed in part and reversed in part; and the Kentucky Supreme Court vacated Lotz's theft by

1

unlawful taking, upheld the rest of the conviction, and remanded to the Circuit Court for a corrected entry of judgment. *Id.* In his trial, the trial court found the evidence showed the following facts:

> The intruder went through McLaren's back pockets, then picked up McLaren's cell phone, which was laying on the counter. McLaren told the intruder that the phone would not be of much use to him because "that's a Johannesburg, South African one, not much use to you." The intruder responded, "well, if you're from ... Johannesburg, I'm from Tallahassee." The intruder then went through Soltau's purse, pulling out cards from her wallet, and after finding no cash, told the victims that they must take him to the bank to get money. The intruder threatened to kill Soltau and McLaren if they tried anything and said he had a gun and that others were standing watch outside with guns.
>
> The intruder, Soltau, and McLaren then left the residence and got into Soltau's white Volvo. Soltau was in the driver's seat, McLaren was in the front passenger seat, and the intruder was in the backseat. Soltau then told the intruder that they had to go back into the house so she could retrieve her I.D. to withdraw the amount of money he was asking for. The intruder was apparently upset with this but agreed to reenter the house to get the I.D.
>
> Everyone then got out of the car, the intruder took Soltau's car keys from her, and they began walking toward the house. On the way, the intruder stopped McLaren to take his camera, and McLaren gave it to him. As McLaren made it inside of the house, Soltau pushed McLaren farther inside the house and slammed the door locking out the intruder. As Soltau and McLaren then began notifying authorities, the intruder fled in Soltau's Volvo.
>
> Soltau and McLaren then began relaying to authorities the events that occurred, a description of the man, and the Volvo's information. Soltau described that the intruder "had a very southern accent." Soltau and McLaren gave descriptions of the intruder but noted that they were unable to see his face because he covered it with a black cloth.
>
> Later that night, Lieutenant Aaron Crowell encountered what appeared to be an intoxicated driver trying to park his car. Lieutenant Crowell approached the car as Lotz, the lone occupant, was exiting the driver's seat. Lieutenant Crowell detained Lotz after this observation and learning that the vehicle was a reported stolen white Volvo. Lieutenant Crowell searched Lotz for weapons and found a "large pocket knife" on him.

*Id.* at *1.

After the Kentucky Supreme Court issued its decision, Lotz did not file a petition for rehearing or a petition for certiorari to the United States Supreme Court. On December 19, 2018,

the Jefferson Circuit Court entered an amended judgment, but it contained a typographical error. [DE 1-1 at 16-17]. On January 2, 2019, the Jefferson County Circuit Court entered a subsequent amended judgment, correcting the previous typographical error. [DE 12-2 at 183-84]. Lotz did not appeal this judgment. On February 5, 2019, Lotz filed a motion to vacate the judgment pursuant to Ky. R. Crim. Proc. ("RCr") 11.42 in Jefferson Circuit Court. [DE 12-2 at 189-93]. On June 24, 2020, the Jefferson Circuit Court denied Lotz's motion as to all claims. [*Id.* at 194-98].

On September 30, 2020, Lotz filed a notice of appeal of the Jefferson Circuit Court's decision. [*Id.* at 199-200]. The notice, however, stated that it was mailed on September 11, 2020. [*Id.*]. On October 19, 2021, the Kentucky Court of Appeals dismissed Lotz's appeal. [*Id.*]. The Court of Appeals reasoned that because the notice was not filed "within 30 days from the date of entry of the judgment or order from which the appeal [wa]s being taken[,]" the appeal was untimely. [*Id.* at 201-02]. On October 29, 2021, Lotz filed a motion to reconsider with the Court of Appeals. [DE 1-1 at 20]. The Court of Appeals received it via regular mail on November 1, 2021, and denied the motion because the motion was "not tendered within the time limit allowed." [*Id.*]. Lotz did not pursue any additional review of his motion.

On October 27, 2022, Lotz filed this Section 2254 Petition. [DE 1]. On January 9, 2023, the Warden filed his response arguing that the Petition was time-barred. [DE 12].

The Court referred the matter to the Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and (b)(3) for a report and recommendation. [DE 8]. The Magistrate Judge's opinion recommended that Lotz's Petition be denied with prejudice, and that a certificate of appealability be denied. [DE 14 at 211]. Originally, the Court accepted the R&R and entered a judgment dismissing Lotz's petitioner with prejudice. [DE 15 at 212-13]. Lotz, however, filed a motion for an extension of time to file objections. [DE 17 at 217-18]. The Court granted his motion and vacated the Order

3

adopting the R&R. [DE 18 at 223-25]. Lotz filed his objections to the R&R [DE 21] and the Warden responded. [DE 22].

## II.   STANDARD

A district court may refer a motion to a magistrate judge to prepare a R&R. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). "A magistrate judge must promptly conduct the required proceedings. . . [and] enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1). This Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The Court need not review under a *de novo* or any other standard those aspects of the report and recommendation to which no specific objection is made and may adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Thomas v. Arn*, 474 U.S. 140, 149–50, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (alterations in original) (citation omitted). A general objection that fails to identify specific factual or legal issues from the R&R is not permitted as it duplicates the magistrate judge's efforts and wastes judicial resources. *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). After reviewing the evidence, the Court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1)(C).

## III.   DISCUSSION

Lotz objects to the Magistrate Judge's findings: (1) as to the date of finality of Lotz's conviction; and (2) that equitable tolling did not apply to the statute of limitations. [DE 21 at 238-44].

## A. **Finality of Conviction**

Lotz objects to the Magistrate Judge's conclusion that his conviction became final on January 30, 2019, when his time to file a petition for a writ of certiorari to the United States Supreme Court expired. [DE 21 at 238]. Lotz states that "Judge Lindsay failed to consider how the remand affected the date on which [Lotz]'s conviction became final." [DE 21 at 238]. The Warden states that the Magistrate Judge correctly held that Lotz's petition was untimely using either date, January 30, 2019, or February 1, 2019.[1] [DE 22 at 288-90].

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas petitions submitted under 28 U.S.C. § 2254 are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) provides that the limitations period shall run from the latest of four potential starting points: (1) "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"; (2) "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action"; (3) "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"; (4) "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. § 2244(d)(1)(A)-(D). As a result, a petitioner who does not seek U.S. Supreme Court certiorari must file a federal petition within one year and one day of the expiration of the ninety-day certiorari period. *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000) (citing SUP. CT. R. 13.1).

---

[1] Discussed further below, if the Court uses the amended trial court judgment date of January 2, 2019, the conviction would have been final after his thirty-day timeline to appeal expired, which is February 1, 2019. Ky. R. Crim. P. 12.04(3).

Lotz directly appealed his original trial court conviction and the Kentucky Supreme Court decided the appeal on November 1, 2018. *Lotz,* 2018 WL 5732835, at \*5. But Lotz did not petition for rehearing with the Kentucky Supreme Court, or a petition for certiorari with the United States Supreme Court. A petitioner has 90 days to file a petition for certiorari after their direct-appeal is decided and before the one-year habeas statute of limitations period begins to run. *Giles v. Beckstrom,* 826 F.3d 321, 323 (6th Cir. 2016). As a result, the Magistrate Judge concluded that Lotz's conviction became final on January 30, 2019 (90 days after November 1, 2018). [DE 14 at 208].

When the Kentucky Supreme Court remanded the case back to Jefferson County Circuit Court, the Kentucky Supreme Court stated it was *only* vacating the sentencing on one count and upholding the remainder of the judgment. *Lotz,* 2018 WL 5732835, at \*5. As a result of that holding, the court "remanded to the trial court for entry of a new judgment." *Id.* If Lotz were to be resentenced, his statute of limitations would have run from the date of the amended judgment as he contends. *See Rashad v. Lafler,* 675 F.3d 564, 568 (6th Cir. 2012) (citing *Burton v. Stewart,* 549 U.S. 147 (2007)). Although the Sixth Circuit has not yet ruled on the issue, other circuit courts have held that minor corrections to a judgment typically do not constitute a "new" judgment warranting a fresh start of the statute of limitations. *Burrell v. United States,* 467 F.3d 160, 165-67 (2d Cir. 2006); *United States v. Rodriguez,* 259 F. App'x 270, 279 (11th Cir. 2007); *see also, Perkins v. Bottom,* 2013 WL 12358598, \*4 (E.D. Ky. Feb. 21, 2013). As a result, the proper date to begin Lotz's habeas statute of limitations would be on January 30, 2019, as the Magistrate Judge held.

Lotz argues that because the Jefferson County Circuit Court entered its amended judgment on January 2, 2019, [DE 12-2 at 183-84], the Court should use this date as his final conviction date

6

to determine the state of limitations for his habeas petition. If the Court used January 2, 2019, as Lotz requests, the amended judgment would become final after Lotz's thirty-day deadline to appeal expired. [DE 12-2 at 183-84]; Ky. R. Crim. P. 12.04(3). Under this method, Lotz's time period to file his Section 2254 petition would have started on February 1, 2019. *Id.* Under either method, his petition is still untimely.

Lotz filed his RCr 11.42 motion on February 5, 2019. [DE 12-2 at 189-93]. The motion tolled his Section 2254 statute of limitations four days into the limitations period. On June 24, 2020, the Jefferson Circuit Court denied the motion. [*Id.* at 194-98]. Lotz had thirty days to appeal. Ky. R. App. P. 3(A)(1). Lotz did not timely appeal this decision, and therefore, the tolling period pursuant to his appeal expired on the date of the June 24, 2024, decision. Ky. R. Crim. P. 12.04, 11.42(8). This Court may not disturb the Kentucky Court of Appeals's decision holding that Lotz's appeal was untimely and ultimately dismissing the matter. [DE 12-2 at 201-02]; *Vroman,* 346 F.3d at 604. Therefore, as of July 25, 2020, Lotz had *at most* 361 days to file his Section 2254 Petition; or in other words, Lotz's last day to timely file with this Court was July 21, 2021. Lotz did not file the Petition until October 27, 2022. His Petition is untimely.

### B. Equitable Tolling

Lotz objects to the Magistrate Judge's finding that equitable tolling of the statute of limitations does not apply to his Petition. [DE 21 at 243]. The Warden states that the Magistrate Judge correctly held that equitable tolling does not apply. [DE 22 at 291].

Lotz asserts two theories of equitable tolling. First, he states that the Jefferson Circuit Court Clerk's Office failed to properly notify the Kentucky Court of Appeals of his appeal of the Circuit Court Order, [DE at 242], and thus, his notice of appeal deadline should be tolled and considered properly filed. [*Id.*]. Second, Lotz asserts that the letter he received from the Department of Public

7

Advocacy ("DPA") confused him regarding his representation, creating an "extraordinary circumstance" which warrants tolling the statute of limitations. [*Id.* at 243-44].

A petition for state review will only toll a limitations period; it will not restart it if the time for filing in federal court has already expired. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)) ("The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."). To qualify for tolling, the state-court petition must be "properly filed," meaning "its delivery and acceptance are in compliance with the applicable laws and rules governing filings, e.g., requirements concerning the form of the document, the court and office in which it must be lodged, payment of a filing fee, and applicable time limits upon its delivery." *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001) (citing *Artuz v. Bennett*, 531 U.S. 4, 7-10 (2000)). "Federal courts are obligated to accept as valid a state court's interpretation of state law and rules of practice of that state" in regard to a petition's compliance with applicable filing requirements. *Vroman*, 346 F.3d at 604.

As to Lotz's first theory of equitable tolling, this Court is bound by the Kentucky Court of Appeals's decision that his notice of appeal was not timely filed and thus properly dismissed the matter. *Vroman,* 346 F.3d at 604. As noted, "federal courts . . . defer to a state court's judgment on issues of state law and, more particularly, on issues of state procedural law." *Id.* (citing *Israfil,* 276 F.3d at 771). "Because state courts are the final authority on state law, federal courts must accept a state court's interpretation of its statutes and its rules of practice." *Israfil,* 276 F.3d at 771. Because the Kentucky Court of Appeals held that Lotz's notice of appeal was untimely, this Court is bound by that decision. *Id.* And not only is the Court bound by the Kentucky Court of Appeals

8

decision, but any review of the decision by the Court would be improper. *Vroman,* 346 F.3d at 604. This Court "does not act as an additional state appellate court" reviewing state-court decisions on state law or procedure. *Allen v. Morris,* 845 F.2d 610, 614 (6th Cir. 1988). "Federal courts are obligated to accept as valid a state court's interpretation of state law and rules of practice of that state." *Vroman,* 346 F.3d at 604 (citing *Duffel v. Dutton,* 785 F.2d 131, 133 (6th Cir. 1986). In *Vroman,* the Sixth Circuit stated that it cannot review an "Ohio state courts' conclusion that [a] post-conviction petition was untimely is incorrect." *Id.* So too here. As a result, this Court is bound the Kentucky Court of Appeals's determination that Lotz's notice of appeal was untimely.

Regarding Lotz's second theory, Lotz does not demonstrate any "extraordinary" circumstances to warrant tolling the statute of limitations. The AEDPA's statute of limitations is "subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "*only* if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented the timely filing of the habeas petition. *Id*. at 649 (emphasis added). "[T]he doctrine of equitable tolling[,]" however, "is used sparingly by federal courts." *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). For example, the United States has allowed "equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veteran Affairs,* 498 U.S. 89, 96 (1990). "The burden is on a habeas petitioner to show that he is entitled to equitable tolling of the one-year limitations period." *Goodwin v. Howard,* 2026 WL 1506739, *4 (E.D. Mich. May 29, 2026) (citing *Robertson,* 624 F.3d at 784).

9

Lotz claims that "[i]t is reasonable to believe" that if he had "no confusion abut [sic] counsel's representation[,]" the notice of appeal would have been timely.[2] [DE 21 at 244]. But nothing prevented Lotz from filing his habeas petition during the proper statute of limitations period. And even if Lotz was confused about the DPA letter, his status as a *pro se* litigant does not warrant tolling the statute of limitations. *See Keeling v. Warden Corr. Inst.,* 673 F.3d 452, 464 (6th Cir. 2012); *see also Stoddard v. Wainwright,* 2022 WL 3567372, *14 (N.D. Ohio July 20, 2022) (holding that a desire to "exhaust state court remedies" is not an "extraordinary circumstance that would excuse" untimely filings). In other words, "confusion" does not constitute an "extraordinary circumstance" that would toll the statute of limitations. *Borns v. Chrisman,* 167 F.4th 335, 346 (6th Cir. 2026) (denying equitable tolling where the Petitioner claims he was "confused" about the law); *Allen v. Yurkis,* 366 F.3d 396, 402 (6th Cir. 2004) (holding that although Petitioner claimed that "confusion existed," that "does not make equitable tolling appropriate").

Lotz's claim also fails because he does not demonstrate any "causal link between" the alleged "extraordinary circumstance" and his "untimely filing." *Borns,* 167 F.4th at 346 (quoting *Ata v. Scutt,* 662 F.3d 736, 742 (6th Cir. 2011). Lotz claims that it is "reasonable" to believe that he would have timely filed his petition, but for the confusion. [DE 21 at 244]. But Lotz does not establish why he could not file the Petition in the previous year. Specifically, Lotz fails to state why his alleged "confusion" prevented his ability to "diligently" file. *Wilkes v. Watson,* 2025 WL 1222674, *6 (N.D. Ohio Apr. 24, 2025) (holding that petitioner must establish diligent pursuit of

---

[2] Lotz claims that the DPA letter "confused" him about his representation. The DPA letter states, "we need to make clear that neither this letter nor the completion of the attached form means we have determined to now represent you in this matter, will represent you in this matter, or will represent you in any future proceeding or action for which we do not already represent you prior to the date of this letter." [DE 21-13 at 284]. Even taking Lotz's confusion as true, habeas corpus petitioners are not entitled to counsel, and thus blaming any tardiness on representation does not justify equitable tolling. *Penn. v. Finley,* 481 U.S. 551, 555 (1987); *see also Lawrence v. Fla.,* 549 U.S. 327, 336-37 (2007).

his rights but 'some extraordinary circumstance stood in his way' preventing timely filing")

(quoting *Pace v. DeGuglielmo,* 544 U.S. 408, 418 (2005)). Claiming "confusion" and waiting a

year to file a petition does not demonstrate one's "diligent" effort to pursue their rights. *Robertson*,

624 F.3d at 784; *Borns,* F.4th at 346 (rejecting equitable tolling because the Petitioner "hasn't

established diligent pursuit of his rights"); *Justice v. Warden, London Corr. Inst.,* 2026 WL

194151, *4 (S.D. Ohio Jan. 26, 2026) (holding equitable tolling did not apply when the Petitioner

failed to "diligently puruse[] federal habeas corpus relief."). Therefore, equitable tolling does not

apply.

Lotz has not established the existence of extraordinary circumstances that prevented him

from timely filing a federal habeas petition. As a result, he is not entitled to equitable tolling and

his Petition is untimely under Section 2244(d).

### IV.    CONCLUSION

For the reasons above, the Court **ORDERS** that Petitioner's objection to the Magistrate

Judge's R&R [DE 14] are **DENIED AND OVERRULED** as set forth above. The Findings of

Fact, Conclusions of Law, and Recommendation of the United States Magistrate Colin H. Lindsay

[DE 14] are **ACCEPTED** and **INCORPORATED** by reference. A Certificate of Appealability Is

**DENIED** as to all claims.

Rebecca Grady Jennings, District Judge
United States District Court

July 13, 2026

11