UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JERRY DAVID LOTZ                                                      Petitioner

v.                                                    Civil Action No. 3:22-cv-575-RGJ

DANNY DODD                                                           Respondent

* * * * *

### MEMORANDUM OPINION AND ORDER

Jerry David Lotz ("Lotz") moves the Court to reconsider its Opinion and Order adopting the Report and Recommendation ("R&R") [DE 33] pursuant to Fed. R. Civ. P. 59(e). [DE 35].[1] Since filing his motion for reconsideration, Lotz also "moves for an order to file a 'second successive' (SOS) habeas corpus petition in Federal Court . . ." [DE 36]. Although Respondent has not yet responded to these filings, the Court addresses the motions for purposes of judicial economy. For the reasons explained below, Lotz's motion is to reconsider [DE 35] is **DENIED** and Lotz's motion to file second or successive habeas petition is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 for a determination of whether Lotz will be granted authorization to file a second or successive habeas petition.

### I.      Factual and Procedural Background

The factual and procedural background set forth in the Court's Memorandum Opinion and Order adopting the R&R is incorporated by reference. [DE 33].

After this Court's Memorandum and Opinion resolving Lotz's objection to the R&R, [DE 33]. Lotz now moves the Court to reconsider its decision. [DE 35]. Lotz asks this Court to "reconsider" because he has "multiple constitutional. . . issues in HABEAS [sic]." [DE 35 at 367].

---

[1] The document filed by Lotz and its attachments are difficult to follow and interpret. [DE 35]. The Court liberally construes Lotz's filing as a motion to reconsider given his *pro se* status.

Lotz states there is new evidence from the Louisville Metro Department of Correction that was not seen by the jury. [*Id.*]. He also states he had "bad long issues of brain fog" in 2020. [*Id.*]. Lotz attached multiple exhibits to the motion including a 2014 booking report, a positive COVID-19 test, his competency evaluation, and affidavits from 2018.

Soon after filing his motion for reconsideration, Lotz also "moves for an order to file a 'second successive' (SOS) habeas corpus petition in Federal Court whereas LOTZ met one of the criteria by showing that the newly discovered evidence, if proven and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found him guilty of the underlying offenses." [DE 36].

## II.   Motion for Reconsideration

### A.  Standard

The Federal Rules of Civil Procedure permit litigants subject to an adverse judgment to file a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). *Harvey v. United States*, No. 1:11-CR-24-TBR, 2017 WL 89492, at *1 (W.D. Ky. Jan. 9, 2017). The burden of showing entitlement to relief is on the moving party. *Ayers v. Anderson*, No. 3:16-CV-00572-CRS, 2018 WL 3244410, at *2 (W.D. Ky. July 3, 2018) (citation omitted).

Rule 59(e) is intended to permit a court to "rectify its own mistakes in the period following the entry of judgment." *White v. N.H. Dep't of Employment Sec.*, 455 U.S. 445, 450 (1982). A court "may alter or amend a prior judgment under Rule 59(e) based on '(1) a clear error of law, (2) newly discovered evidence, (3) an intervening change in controlling law, or (4) a need to prevent manifest injustice.'" *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). A Rule 59(e) motion is not "an opportunity to reargue a case" or raise arguments that could or should have been

raised before the court issued the judgment. *Whitehead v. Bowen*, 301 Fed. App'x 484, 489 (6th Cir. 2008); *see Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Notably, Rule 59(e) motions are "extraordinary and sparingly granted." *Marshall v. Johnson*, No. 3:07-CV-171, 2007 WL 1175046 (W.D. Ky. Apr. 19, 2007); *Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 n. 5 (6th Cir. 1982). When a party simply disagrees with a district court's conclusions, the appropriate avenue for relief is to appeal the ruling, not a motion to alter or amend the judgment. *Graham ex rel. Est. of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004). "*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Yet "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

### B. Analysis

Lotz appears to assert two grounds for reconsideration, "newly discovered evidence", and various arguments which the court interprets as manifest injustice arguments..

### 1. New Evidence

To constitute "newly discovered evidence" the evidence "must have been previously unavailable." *United States v. Roberts,* 2025 WL 3537613, at *1 (S.D. Ohio Dec. 10, 2025); Charles A. Wright, 11 *Federal Practice and Procedure* § 2810.1 at 127-28 (1995). A motion to reconsider is not an "opportunity to reargue a case." *Sault Ste. Marie Tribe of Chippewa Indians*, 146 F.3d at 374. Parties "should not use them to raise arguments which could and should have been made before judgment issued." *Id.* Here, the evidence Lotz presents, his booking report from Louisville Metro Police, is dated October 1, 2014. [DE 35-1 at 370]. Lotz did not request the booking report until May 23, 2023. [DE 35-1 at 371]. But Lotz does not state why he could not

3

have requested the booking report earlier. Nor does Lotz allege that he did request the report and that it was withheld. Thus, the Court finds that Lotz could have presented the booking report at his trial, in his state court appeals, or at first instance in federal court because the evidence was not "unavailable." *Roberts,* 2025 WL 3537613, at *1. Yet he did not present this record until the present motion. As a result, this evidence is not "newly discovered." *Id*. A "Rule 59(e) motion[] cannot be used to present new arguments that could have been raised prior to judgment." *Howard v. United States,* 533 F.3d 472, 475 (6th Cir. 2008); *see also, Brumley v. United Parcel Serv., Inc.,* 909 F.3d 834, 841 (6th Cir. 2018) (holding that a petitioner "may not use Rule 59(e)" to "present evidence that should have been before the court at the time the judgment" was entered). Accordingly, Lotz's motion to reconsider pursuant to "newly discovered evidence" is **DENIED**.

2.   Manifest Injustice

Lotz next asserts that he had "brain fog" due to COVID-19.  [DE 35 at 367]. Lotz attached his positive November 11, 2020, COVID-19 report, as an exhibit to the present motion. [DE 35-2 at 372]. "While the 'manifest injustice' prong of Rule 59(e) may serve as a catch-all provision, it is not sufficient to simply refer to prior arguments in a perfunctory manner and request a different result to avoid a perceived manifest injustice." *Purefoy v. Harris*, 2022 WL 17104546, at *2 (N.D. Ohio Nov. 22, 2022). As noted in this Court's previous Order, as of July 25, 2020, Lotz had until July 21, 2021, to file his Petition. [DE 33 at 361]. But he did not file his Petition until October 27, 2022. [*Id.*].

Here, Lotz tested positive for COVID-19 during the period in which he needed to file his Petition. But "he does not offer that as an extraordinary circumstance that hindered him during the limitations period" but instead "offers it to explain" his current long issues of brain fog. *Jones v. Schiebner,* 2023 WL 195403, at *4 (W.D. Mich. Jan. 17, 2023). And further, as the

court noted in *Jones,* "Petitioner has successes in overcoming his recent cognitive difficulties, memory loss, and brain-fog to file his petition" and multiple other motions. *Id.* So too here. Lotz has continuously filed with this Court, and Kentucky state court, during the COVID-19 pandemic. Accordingly, "[n]o matter how extraordinary the COVID-19 pandemic or Petitioner's present struggles with long-COVID might be, the Court concludes that Petitioner has failed to demonstrate that he was pursuing his rights diligently or that it was the pandemic or the recent long-COVID symptoms that prevented timely filing of the petition." *Id.* In other words, Lotz does not demonstrate why his COVID-19 test prevented him from missing his statutory deadline by nearly an entire year. *See Doyle v. McConahay,* 2024 WL 6080999 (N.D. Ohio Apr. 3, 2024) (holding that "courts have not been receptive to 'bare COVID-based'" delays) (quoting *Little v. Sheldon,* 2023 WL 2666116, at *6 (N.D. Ohio Mar. 6, 2023)*, report and recommendation adopted,* 2023 WL 2664291 (citing cases).

With respect to Lotz's other arguments, Lotz offers no new evidence he was unable to offer at the time of the Court's previous rulings. *Creasy v. Frink,* 2024 WL 628008, at *2-*3 (M.D. Tenn. Feb. 14, 2024) (holding that failing to offer to evidence, which was available at the time of a court's previous rulings, did not warrant relief to prevent a "manifest injustice" by the court). And while "the 'manifest injustice' prong of Rule 59(e) may serve as a catch-all provision, it is not sufficient to simply refer to prior arguments in a perfunctory manner and request a different result to avoid a perceived manifest injustice." *Purefoy,* 2022 WL 17104546, at *2-*3. Therefore, the Court finds that Lotz has failed to demonstrate a need to prevent manifest injustice justifying Rule 59(e) relief.

### III.    Motion for Second or Successive Petition

A petitioner must seek an order from the Sixth Circuit Court of Appeals authorizing this

Court to consider an application for second or successive habeas corpus petition under § 2254. 28 U.S.C. § 2244(b)(3)(A). "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of . . . subsection [2244(b)]." 28 U.S.C. § 2244(b)(3)(C). Where a petitioner has not obtained permission from the court of appeals, this Court lacks jurisdiction and must transfer the matter to the court of appeals. *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam).

"[N]ot all petitions filed second in time are 'second or successive.'" *In re Hill*, 81 F.4th 560, 568 (6th Cir. 2023). A second petition will not be considered "second or successive," for purposes of the requirements of 28 U.S.C. § 2244(b) where (1) it challenges a new state-court judgment that was not challenged in the first petitioner, (2) it presents a claim that would have been unripe at the time of filing the first petitioner, or (3) it raises a claim that was unexhausted at the time and not decided on the merits. *Id*. at 568-69. Here, Lotz's motion to file second or successive petition appears to challenge the same judgment as before, making arguments as to the timeliness of his petition which could have been raised in his first petitioner and were ripe. Further, there is nothing to indicate in his motion that the arguments he is seeking to raise were previously unexhausted and could not have been decided on the merits. As a result, his motion for second or successive petition must be transferred to the Sixth Circuit Court of Appeals for certification before it may be considered by this Court.

### IV. Conclusion

Lotz's motion to reconsider [DE 35] is **DENIED.** The Court has already denied Petitioner's certificate of appealability. [DE 33 at 365]. Should the Petitioner desire to appeal the denial of his Rule 59(e) motion to the Sixth Circuit, he will have to obtain a certificate of appealability directly

from the Sixth Circuit. Rule 11(a), Rules Gov'g § 2254 Case.

Lotz's motion to file second or successive habeas petitioner [DE 36] is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 for a determination of whether Petitioner will be granted authorization to file a second or successive habeas petition.

Rebecca Grady Jennings, District Judge
United States District Court

August 12, 2026

Cc:  Petitioner, pro se